# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARMEN MILLER o/b/o minor son, L.M.,**

**Plaintiff,**

**-vs-**                                            **Case No.  6:13-cv-1402-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

### MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Supplemental Security Income under the Social Security Act.   For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

# Procedural History

Plaintiff, on behalf of her son, the minor child (herein called "claimant," "the child," or "the minor"), applied for Supplemental Security Income, alleging that the minor was disabled.  The agency denied Plaintiff's application initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ").  The ALJ issued an unfavorable decision, finding the claimant to be not disabled since September 25, 2009, the date the application was filed (R. 29-46).  The Appeals Council declined to grant review (R. 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.  The matter has been fully briefed and

the case is now ripe for review pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Nature of Claimed Disability

Plaintiff, on behalf of the minor, alleged childhood disability beginning on September 1, 2008, due to attention deficit hyperactivity disorder ("ADHD"), a speech impairment, developmental delay and asthma/bronchitis (R. 35, 195, 241).

*Summary of Evidence Before the ALJ*

The minor was six years old on the date of the administrative decision (R. 188), a school age child in kindergarten in public school (R. 56).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections.  In addition to the minor's medical records, the record includes Plaintiff's testimony, testimony of the minor, testimony from a medical expert, school reports and records, and opinions from several non-examining consultants. By way of summary, the ALJ determined that the minor "has the following severe impairments: chronic bronchitis, ADHD, speech delay, and developmental delay (20 CFR 416.924(c))," but "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926)" (R. 35).  The ALJ then determined that the minor does not have an impairment or combination of impairments that functionally equals the listings, considering the six domains of function applicable to review of childhood disability applicants (R. 35-45), and was therefore not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings

are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The

Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C.

§ 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely

create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable

person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560

(11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will

affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the

reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v.*

*Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir.

1991).  The district court must view the evidence as a whole, taking into account evidence favorable

as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of

factual findings).

## Issues and Analysis

*Evaluating allegations of disability in a child*

An individual under the age of 18 shall be considered disabled if he has a medically

determinable physical or mental impairment, which results in marked and severe functional

limitations, and which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months.  *See* 42 U.S.C. § 1382c(a)(3)(C)(i). As explained

by the ALJ in her decision (R. 33-35), the Social Security Administration has established a three-step

sequential evaluation process to determine whether an individual under the age of 18 is disabled.  At

step one, the child must show that he or she is not engaged in substantial gainful activity;  at step two,

there must be a showing that the claimant has a medically determinable "severe" impairment or a

combination of impairments that is "severe;" and at step three, a showing that his or her impairment or combination of impairments is of listing-level severity, that is, the impairment(s) meets, medically equals, or functionally equals the severity of an impairment in the listings. *See* 20 C.F.R. § 416.924 (2012).

Evaluation of whether a child meets or *medically* equals a listing uses the same analysis as used for other claimants. *See* 20 C.F.R. § 416.926 (2012).  Whether a child *functionally* equals a listing involves evaluation in terms of six domains: (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a child has "marked" limitations in two domains or an "extreme" limitation in one domain, the child impairment(s) is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a(d).  Regulations provide that a minor has a "marked" limitation in a domain "when [his] impairment(s) interferes seriously with [his] ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(2). Social Security regulation 20 CFR § 416.926a(e)(3) explains that a child has an "extreme" limitation in a domain when his impairment( s) interferes "very seriously" with his ability to independently initiate, sustain, or complete activities.

*The decision of the ALJ*

Here, the ALJ found that the minor had severe impairments, but determined that his impairments did not meet or medically equal any listed impairment (R. 35).  Although her brief is not entirely clear, Plaintiff does not appear to challenge this finding.  Rather, Plaintiff challenges the ALJ's conclusion that the minor's impairments did not satisfy the functional equivalent of a childhood listing, in view of latter submitted evidence.

Dr. Bradley Bradford, a medical expert, testified at the administrative hearing held on January 5, 2012, regarding the minor's development and functioning (R. 72).  He concluded that "there's no

-4-

evidence in my opinion to suggest that this child either meets or is functionally equivalent to any listing" (R. 74).  Plaintiff also testified at the hearing, regarding her belief that her son would benefit from a private school placement. Noting the absence of records showing that such a placement was required, Plaintiff's attorney requested that the ALJ "hold open the record for a teacher evaluation and one outside psychologist or educational specialist who would go to the point that he would be – If I find one that will report that he would benefit substantially from this private school placement" (R. 82).  Although the ALJ correctly advised counsel that the standard is not whether a child would benefit from private placement but whether the minor's impairments are so severe that he is unable to learn in a normal setting, the ALJ agreed to hold the record open for 30 days (R. 83).  On February 27, 2012, the ALJ issued her decision.

In her determination, the ALJ assigned "great weight" to the opinions of Dr. Bradford, and the most recent state agency opinion from Dr. Devitt, a psychologist, and Dr. Pinnelas, a physician (R. 38-39, 72-80, 460-464). Relying on the reports, opinions, and evidence of record, the ALJ concluded that the minor had a "less than marked" limitation in the area of acquiring and using information (R. 39-41); a "marked" impairment in the domain of attending and completing tasks (R. 41); a "less than marked" limitation in the domains of interacting and relating with others, and health and physical well-being (R. 42-43, 44-45); and no limitation in two areas, specifically, moving about and manipulating objects, and caring for self (R. 43-44).  As the ALJ found only one "marked" area of impairment and the regulations require at least two "marked" areas for a finding of functional equivalence (20 C.F.R. § 416.926a(c)(4)(i)-(iii), (vi)), the ALJ found the child to be not disabled (R. 45).

*Appeals Council evidence*

Following the ALJ's determination, Plaintiff wrote a letter setting forth why she felt her son was disabled (R. 364) and tendered it to the Appeals Council, along with additional evidence,

including: 1) a letter dated January 17, 2012, from Dr. Steinke of the Orange County Public Schools ("the Steinke letter"), 2) school records from Washington Shores Elementary including an IEP dated March 6, 2012; 3) prescription records dated March 16, 2012; 4) treatment records from Dr. Inayat dated March 7, 2012 and February 8, 2013; and 5) correspondence indicating that Plaintiff was not accepted into private schools (R. 2, 7-9, 13-28).  The Appeals Council reviewed and discussed this new evidence, and set forth a detailed rationale for denying review, stating:

> In looking at your case, we considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at the Teacher Questionnaire and IEP Team Notes, dated March 26, 2012, from Washington Shores Elementary; Personal Prescription Information, dated March 16, 2012, from Walgreens Pharmacy; the Individualized Education Plan, dated March 13, 2012 and March 16, 2012; Treatment Notes, dated March 7, 2012 and February 18, 2013, from Rubina Inayat, M.D. and Carol Sevlie, ARNP, Tri-County Psychiatric Associates; and Private School Correspondence, dated October 8, 2012, through November 8, 2012. The Administrative Law Judge decided your case through February 24, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 24, 2012.
>
> In addition, we looked at the Evaluation Form, dated September 19, 2011, from Tri-County Psychiatric Association. This document is not new, because it is a copy of Exhibit 19F, pages 4-5.

(R. 2).

Plaintiff contends that the Appeals Council erred by failing to remand the case to the ALJ to consider the allegedly "new and material" evidence; by failing to provide certain records to the medical expert; and by failing to refer the new evidence to the ALJ to determine if an updated medical opinion was necessary.  The Court finds that the Appeals Council's determination that the evidence did not provide a basis for changing the ALJ's decision to be in accordance with proper application of the law and, upon review of the record as a whole, finds that the new evidence does not render the denial of benefits erroneous.

*The new evidence*

As noted by Plaintiff, the Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if "the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *See Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).   While the majority of the evidence tendered to the Appeals Council is new in that it was not tendered to the ALJ,[1] the evidence is, indeed, dated after the ALJ's February 27, 2012 decision, and there is no showing that these records are meant to relate back to the time in question. Plaintiff has not established that this new evidence is chronologically relevant.

Even if the records were shown to relate back to the minor's condition on or prior to the date of the ALJ's decision, Plaintiff does not explain how the evidence, if fully credited, changes the decision.  When a claimant properly submits additional evidence to the Appeals Council, "a reviewing court must consider the entire record, including the additional evidence submitted to the AC, to determine whether the denial of benefits was substantially erroneous." *Ingram,* 496 F.3d at 1262. Having undertaken such a review and after considering the entire record, including the new evidence, the Court finds the ALJ's decision continues to be supported by substantial evidence.

Plaintiff contends that the two new records from the minor's psychiatrist's office are sufficient to "change[] the Medical Expert's opinion regarding Attending and Completing tasks from Marked to Extreme." On March 7, 2012, the minor presented to his psychiatrist and the notes reveal that "mom would like to put him on meds" (R. 27).  On examination the child had appropriate affect, clear thoughts, fair judgment and insight, with poor concentration, was unfocused/distracted, and had rapid speech, but within normal limits (R. 27). The minor was diagnosed with ADHD and prescribed Adderal (R. 27).  The second note, dated February 19, 2013,  indicates that "mom reports that he did ok on the meds" but the child had "been out of the meds since March 2012"  (R. 28).  While the

---

[1]The letter from Dr. Steinke was not new evidence as it was evaluated by the ALJ (R. 38, 363).

minor's focus and concentration were poor on examination, he was oriented, speech and motor were within normal limits, he had appropriate affect, thoughts were clear and logical, and judgment and insight were fair, despite not being on the medication (R. 28).  While these notes establish that the minor had ADHD and presented with poor concentration, the diagnosis of ADHD and the presentation of poor concentration are not new.  The ALJ  previously evaluated this impairment, the mother's testimony regarding this diagnosis and these symptoms, as well as similar treatment notes, *see* e.g. R. 37-38, 59, 617.  As such, these new notes are cumulative, do not purport to show an extreme limitation, and are not inconsistent with the finding of the ALJ with respect to this domain.

Plaintiff next contends that the rejection letters from the private schools and related new school records should have been tendered to Dr. Bradford to show that the minor required specialized instruction in small group settings.  Plaintiff does not explain, however, how this evidence contradicts any finding made by the ALJ.  Dr. Bradford recognized in his testimony that:

> This child seems to be performing acceptably enough that when a standardized IEP was done the decision of the psychologist for the school district, the educational evaluator, was that albeit he has some problems, he actually could advance in his IEP to a regular classroom.

(R. 73).

The new evidence shows that the minor was to be placed in regular class with support services (R. 18, 20). To the extent small group instruction and specialized services were deemed appropriate for the child, the evidence shows he received those services in his public school setting.  Indeed, the Stienke letter relied upon by Plaintiff specifically acknowledges that the minor "is receiving the services and accommodations necessary to access his education" (R. 363).[2] The Court acknowledges that Plaintiff prefers a private school placement and that several private schools did not accept the

---

[2]As the Stienke letter is not inconsistent with Dr. Bradford's testimony, any error in not providing this letter for his review is harmless. Contrary to Plaintiff's interpretation of this letter,  Dr. Stienke did not state that a private school placement was necessary (R. 363).

child, but this does not alter the evidence that the minor was receiving the required services in his current placement.

Plaintiff's final objection is that the "updated" evidence should have been referred to the ALJ in order to consider whether an updated medical opinion is necessary. This contention is without merit as Plaintiff does not show that the evidence provides new, non-cumulative information that pertains to the period at issue.

A final note is in order. The Court is sympathetic to the challenges and difficult circumstances the minor and his family are facing. Supplemental Security Income, however, is a program designed for only those who meet the legal definition of disability (as well as certain income standards). The Commissioner has determined that the minor does not meet that definition, and, upon close review of the entire record, this Court finds that this determination was made in accordance with law and is supported by substantial evidence. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

## Conclusion

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence. It is therefore **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on November 3, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record